## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kimberly W., | |
| Plaintiff, | Civil No. 3:21-cv-00042 (TOF) |
| v. | |
| Andrew Saul, Commissioner of Social Security, | March 9, 2021 |
| Defendant. | |

### ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)

**I.    INTRODUCTION**

Plaintiff, Kimberly W.,[1] proceeding *pro se* and *in forma pauperis*, brought this action, for review of the final determination of the Commissioner of the Social Security Administration denying benefits under Title II and Title XVI, under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  (ECF No. 1.)

When a plaintiff requests leave to proceed *in forma pauperis*, or "IFP," a statute directs the court to conduct two inquiries.  First, the court examines her financial affidavit and determines whether she is truly unable to pay the fee.  28 U.S.C. § 1915(a).  Second, to ensure that the plaintiff is not abusing the privilege of filing without prepaying the fee, the court reviews her complaint and dismisses the case if it determines that "the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  United States

---

[1]    Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, this opinion will not disclose the plaintiff's last name.  *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

Magistrate Judge Sarah A.L. Merriam conducted the first inquiry in this case, and she concluded that the plaintiff qualifies for IFP status.  (ECF No. 11.)  On the consent of the parties, the case was then assigned to me – United States Magistrate Judge Thomas O. Farrish.  (ECF No. 12.)  I have conducted the second inquiry, and for the reasons discussed below, I conclude that the plaintiff's complaint should be dismissed as untimely, without prejudice, with leave to amend within thirty days.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff filed a *pro se* form complaint on January 12, 2021 for review of the final determination of the Commissioner of the Social Security Administration denying benefits under Title II and Title XVI. (ECF No. 1.)  She alleges that her claims were initially denied by the Administrative Law Judge ("ALJ") on September 30, 2019.  (*Id.* at 3.)  She further says that the Appeals Council denied her request for review on September 15, 2020.  (*Id.*)

The plaintiff signed her complaint on December 15, 2020.  (*Id.*)  She mailed her complaint to the clerk of this Court by certified mail.  (ECF No. 1-2.)  The clerk file-stamped and docketed the complaint on January 12, 2021.  (ECF No. 1 at 1.)

At the same time she filed her complaint, the plaintiff also filed a motion for leave to proceed IFP.  (ECF No. 3.)  The clerk referred the IFP motion to Judge Merriam.  (ECF No. 4.)  As noted above, when a plaintiff seeks leave to proceed IFP, the court begins by considering whether she qualifies for that status.  *See* 28 U.S.C. § 1915(a)(1).  Judge Merriam reviewed the plaintiff's financial affidavit and concluded that it sufficed "to establish that the plaintiff is unable to pay the ordinary filing fees required by the Court."  (ECF No. 11.)

Looking ahead to the second inquiry, Judge Merriam noted that "[a]ny appeal to this Court was required to be filed within 65 days of" the Appeals Council's decision.  (ECF No. 10.)  She

directed the plaintiff to show cause, by February 12, 2021, why the complaint "should not be dismissed as untimely." (*Id.*)  The plaintiff did not respond.  I will now proceed to the second inquiry – a review of the complaint under 28 U.S.C. § 1915(e)(2).

## III.   REVIEW OF THE COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)

As previously noted, the second inquiry analyzes whether the plaintiff's complaint "is frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  A complaint is "frivolous" within the meaning of Section 1915(e)(2)(B) when, among other things, it "has no arguable basis in law or fact" or "is based on an indisputably meritless legal theory."  *Montero v. Travis,* 171 F.3d 757, 759 (2d Cir. 1999) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989)).  And a complaint "fails to state a claim on which relief can be granted" when it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 929 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  If a complaint is frivolous or fails to state a claim, the Court "shall dismiss the case."  28 U.S.C. § 1915(e)(2).

A plaintiff must file any civil action seeking judicial review of a final decision of the Commissioner of Social Security *within 60 days* of receiving notice of that decision unless the time is extended.  Specifically, 42 U.S.C. § 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain review of such decision by a civil action *commenced within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." (Emphasis added.)  A Social

Security regulation adds that the plaintiff is presumed to have received the notice within five days of the decision, "unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).[2] As Judge Merriam noted, the combined effect of the statute and regulation is that an action seeking judicial review of a Social Security benefit determination ordinarily must be filed within sixty-five days of that determination.  (ECF No. 10.)

Courts strictly construe the time limitation – in other words, they do not lightly brush it aside as a technicality.  *See Bowen v. City of N.Y.,* 476 U.S. 467, 479 (1986).  While "the 60–day requirement is not jurisdictional, but rather a statute of limitations, it is a condition on the waiver of sovereign immunity and thus must be strictly construed."  *Id.* at 478; *see also Davila v. Barnhart*, 225 F. Supp. 2d 337, 338 (S.D.N.Y. 2002) (dismissing case "filed one day too late"); *Johnson v. Astrue*, No. 12-cv-2736 (SLT), 2014 WL 2624904, at *2 (E.D.N.Y. June 12, 2014) ("Failure to timely file, even where the delay is minor, requires dismissal of the case.").

Late filing can nonetheless sometimes be excused under the legal doctrine known as "equitable tolling."  "Equitable tolling" is a legal principle that provides that the statute of limitations will not bar a plaintiff's claim if he can "show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'"  *Torres v. Barnhart,* 417

---

[2] (c) Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.  For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary ….

20 C.F.R. § 422.210(c).

F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed.2d 669 (2005)).  "The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

While statute of limitations defenses are ordinarily raised by the defendant after he appears, courts can and do dismiss cases on their own initiative under Section 1915(e)(2) when an IFP plaintiff's complaint reveals that her claim is clearly untimely.  "[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under [Section 1915(e)(2)], may be based on a defense that appears on the face of the complaint." *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995).  In particular, "[d]ismissal is . . . appropriate where the existence of . . . [a] statute of limitations [defense] . . . is plain from the plaintiff's pleading." *Pratts v. Coombe*, 59 F. App'x 392, 393 (2d Cir. 2003) (summary order); *accord Syfert v. City of Rome*, No. 6-19-CV-0775 (GTS/ML), 2020 WL 4506689, at *4 (N.D.N.Y. Apr. 15, 2020), *report and recommendation adopted*, No. 6:19-CV-0775 (GTS/ML), 2020 WL 4500893 (N.D.N.Y. Aug. 05, 2020) ("Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review.") (citing *Pino*, 49 F.3d at 53-54); *see also Baker v. Cuomo*, 58 F.3d 814, 819 (2d Cir. 1995) (stating in *dicta* that dismissal "is also appropriate if it appears from the face of the complaint that the action is barred, for example by expiration of the statute of limitations").

In this case, the court can tell from the face of the complaint that the plaintiff's action is untimely.  The plaintiff alleges that the Appeals Council issued its unfavorable decision on September 15, 2020.  (ECF No. 1 at 3).  Her sixty-five-day period for commencing a civil action therefore expired on November 19, 2020.  The court received the complaint on January 12, 2021,

fifty-four days beyond the statutory limitation period.[3]  It is plain from the face of the complaint that the plaintiff did not file this action within the time period required by 42 U.S.C. § 405(g) and 20 C.F.R. §422.210(c).

The plaintiff has also failed to come forward with any reason to excuse the untimeliness of her complaint.  She has not, for example, provided any facts to rebut the presumption that she received the Appeals Council's unfavorable decision by September 20, 2020.  *Id.*  Nor has she made a showing that she is entitled to equitable tolling of the statutory limitations period.  *See Johnson v. Comm'r of Soc. Sec.*, 519 F. Supp. 2d 448, 449 (S.D.N.Y 2007) ("Although the complaint alleges that Sangare received the Appeals Council's decision on March 7, 2007, there is nothing on record to rebut the presumption of receipt of the notice of the denial within five days after its issuance."); *Paniagua v. Comm'r of Soc. Sec.,* No. 15 CIV. 2038 (JCM), 2017 WL 699117, at *5 (S.D.N.Y. Feb. 21, 2017) (finding that there is nothing to indicate that plaintiff "diligently pursued her rights" or "that extraordinary circumstances stood in her way" that would excuse her delay in meeting the sixty-day filing deadline).  Notably, she failed to make this showing even though Judge Merriam highlighted the issue for her and gave her a month to respond.  (ECF No. 10.)

Because the plaintiff filed this action outside the statute of limitation, the Court concludes that the complaint should be dismissed.  Although Judge Merriam already gave the plaintiff time to explain why the complaint is not time-barred, this court will nevertheless dismiss the case without prejudice to an amended complaint filed within thirty days.  In other words, if the plaintiff believes that she can somehow cure the above-identified issues with her complaint – by, for

---

[3]     Even if the plaintiff filed her complaint on the date it was signed, December 15, 2020, it would have been filed twenty-six days late, well outside the statutory limitations period.

example, pleading facts that would excuse the late filing – she may try to do so by filing an amended complaint on the docket by April 8, 2021. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (*pro se* plaintiffs typically permitted "leave to amend at least once") (internal quotation marks omitted).

## IV.   CONCLUSION

For the foregoing reasons, the plaintiff's complaint is dismissed without prejudice with leave to amend within thirty (30) days.  If the plaintiff timely amends her complaint, the court will review that amended complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine, among other things, whether it supports excusing her failure to file within the sixty-five-day period.  If the plaintiff does not timely amend her complaint, this dismissal will automatically convert to a with-prejudice dismissal on April 9, 2021 and the court will direct the clerk to close the case.

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  (ECF No. 12).  Appeals can be made directly to the appropriate United States Court of Appeals from this judgment.  *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).  The Clerk of the Court is respectfully directed to mail a copy of this Order to the plaintiff at her address of record, and to note on the docket that she has done so.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge